PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
Telephone:     (951) 276-6990
Facsimile:     (951) 276-6973
Email:         Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES CORPORATION, a California corporation,<br><br>Debtor and Debtor-in-Possession. | Case No. 2:24-bk-11569-BR<br><br>Chapter 11 (Subchapter V)<br><br>**UNITED STATES TRUSTEE'S STATEMENT CONCERNING EMERGENCY MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO PAY EMPLOYEE COMPENSATION; (II) AUTHORIZING AND DIRECTING THE BANKS TO ISSUE EMPLOYEE COMPENSATION PAYMENTS; AND (III) GRANTING RELATED RELIEF**<br><br>**<u>Hearing Date, Time, & Place:</u>**<br>Date:     May 5, 2024<br>Time:     2:00 p.m.<br>Place:    U.S. Bankruptcy Court<br>          Courtroom 1668<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), pursuant to 11 U.S.C. § 507 and Local Bankruptcy Rule 2081-1(a), hereby files this statement concerning *Emergency Motion of Debtor for Entry of an Interim and Final Orders (I) Authorizing the Debtor to Pay Employee Compensation; (II) Authorizing and Directing The Banks to Issue Employee Compensation Payments; and (III) Granting Related Relief* ("Motion") filed by Metropolitan Theatres Corporation ("Debtor").

**I.    ARGUMENT**

The Motion relies on the necessity of payment doctrine to support a request to pay approximately $120,000 in pre-petition wage obligations.

The necessity of payment doctrine, however, is disfavored in the Ninth Circuit. *Matter of B & W Enterprises, Inc.*, 713 F.2d 534, 537 (9th Cir. 1983) (stating that "[a]bsent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress" and, "[e]ven if we were convinced that the Necessity of Payment Rule survived the 1978 Act, appellants have not presented to this court sufficient justification for extending the Necessity of Payment Rule to trucking reorganizations"); *see also In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004) (the doctrine of necessity "is just a fancy name for a power to depart from the Code").

Equally critical, the Motion lacks sufficient evidence to justify departing from the Code's statutory priority scheme, including evidence that the Debtor holds sufficient funds on hand to make the payment and the payment will not render the estate insolvent as well as evidence that the payment to each employee falls within the limits imposed by Section 507.[1]  *See* LBR 2018-2(a)(6) (imposing a burden on the movant to demonstrate that expedited relief is warranted).

Finally, the Debtor seeks to pay the administrative fees of a third-party payroll service in the ordinary course of business. The amount owed to the payroll service is not specified.

---

[1]    A supplement to the Motion should include a list of all non-insider employees and pre-petition obligations owed.

The general rule is Section 363 does not transform pre-petition debt to an administrative expense and that payment of a pre-petition debt should not take place outside a confirmed plan. *See In re Timberhouse Post & Beam*, 196 B.R. 547, 549-551 (Bankr. D. Mont. 1996).

The Debtor must make a greater showing, including a showing of harm to the estate if the payment is not authorized, in order to depart from these rules.

## II.     CONCLUSION

Without supplemental evidence, the Motion fails to present compelling reasons to grant the expedited relief.

The U.S. Trustee has communicated with the Debtor's proposed counsel and understands that a supplement to this Motion may be forthcoming. Accordingly, the U.S. Trustee submits this statement to reserve all rights pending the filing of supplemental evidence and requests that if the Court intends to grant the relief requested in the Motion that it do so on an interim basis so that the foregoing concerns may be addressed, and all interested parties have sufficient time to review the relief requested and respond accordingly.

DATED: March 3, 2024                    PETER C. ANDERSON
                                        UNITED STATES TRUSTEE

                                        By:     /s/ Everett L. Green
                                                Everett L. Green
                                                Trial Attorney