PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, SBN 271917
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd. Suite 1850
Los Angeles, CA 90017
Telephone:    (213)-894-3240
Facsimile:    (213) 894-0276
Email:    David.S.Shevitz@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES CORPORATION,<br>a California Corporation<br><br>Debtor and Debtor-in-Possession. | Case No. 2:24-bk-11569-BR<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO MAINTAIN ITS EXISTING BANK ACCOUNTS; (II) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM; AND (III) GRANTING RELATED RELIEF**<br><br>Hearing Information:<br>Date:   May 5, 2024<br>Time:   2:00 pm<br>Place:  Courtroom 1668 |

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee") hereby opposes the *Debtor's Emergency Motion for Entry of an Order (I) Authorizing Debtor to Maintain its Existing Bank Accounts; (II) Approving Continued Use of Cash Management System; (III) Granting Related Relief* (the "Motion", Dkt. No. 3).[1]

---

[1] Unless stated otherwise, capitalized terms have the meanings defined in the Motion.  The U.S.

-1-

**OBJECTION**

**A. Request to Maintain DIP Accounts**

The Debtor moves to continue using five pre-petition accounts indefinitely (defined in the Motion as the "Bank Accounts") as part of its existing cash management system. Section 345 obligates debtors to take into account the safety of a deposit of estate funds. *See* 11 U.S.C. § 345 (imposing a duty on debtors to take affirmative steps to protect estate funds).

Under the United States Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("U.S. Trustee Guidelines"), which were created because the U.S. Trustee has extensive monitoring and oversight duties in Chapter 11 cases pursuant to 28 U.S.C. § 586(a)(3), all Chapter 11 debtors must close out all existing bank accounts upon filing. *See In re Americana Expressways, Inc.*, 133 F.3d 752 756-757 (10th Cir. 1997) (recognizing the U.S. Trustee's duties to supervise a Chapter 11 debtor and to require closing of prepetition bank accounts); *In re Bartmann*, 320 B.R. 725, 734 (Bank. N.D. Okla. 2004) (stating that a Chapter 11 debtor's counsel has a duty to protect the integrity of the estate and advise the debtor-in-possession to close all prepetition bank accounts).

The U.S. Trustee established debtor-in-possession ("DIP") accounts to ensure that debtors comply with their responsibilities under Section 345. DIP accounts provide heightened protection in the event a bank fails, suspends activities, or becomes insolvent. Specifically, agreements between the U.S. Trustee and authorized depositories give the U.S. Trustee rights to seek recourse against failed banks that Debtor does not have.[2]

---

Trustee reached out to Debtor's proposed counsel in an effort to resolve the U.S. Trustee's objection; however, at the time of filing, the Debtor's proposal was unacceptable to the U.S. Trustee.

[2] The recent failures and appointments of receivers in First Republic Bank of San Francisco, on May 1, 2023, Silicon Valley Bank, a California financial institution, on March 10, 2023, and Signature Bank, a New York financial institution, on March 12, 2023, and the prospect of future bank failures highlight the importance of debtor compliance with Section 345. *See* www.fdic.gov//bank/historical/bank/bfb2023.html (last visited on July 5, 2023). Contrary to the Debtors' contentions, recent bank failures and the prospect of additional failures, mean that cash management motions are no longer routine and simple matters.

Here, the Debtor proposes to keep the Bank Accounts open for an undetermined and unspecified time period, and presumably for the entire life of the case, because it "proposes to use the Operating Accounts as its debtor-in-possession accounts and seeks a waiver of the UST Operating Guidelines' requirement to establish new debtor-in-possession accounts." *See* Motion at Dkt. No. 3 pg. 9 ¶19. The Debtor argues that it primarily collects receipts in the Deposit Account, and makes all disbursements (other than payroll and live event disbursements) out of the Disbursement Account. It contends that the creation of new debtor-in-possession accounts would be unnecessary and inefficient because the U.S. Trustee can adequately monitor the flow of funds in and out of the Operating Accounts through the Debtor's required monthly operating reports.

The Debtor, however, does not argue that closing the Bank Accounts would cause it significant hardship or why it cannot simply have the Bank Accounts converted to DIP accounts. Here, the Debtor has not provided a satisfactory explanation of why it cannot comply with 11 U.S.C. §345. There is no reason why Debtor cannot transfer all of the funds in the current pre-petition bank accounts into separate, segregated DIP bank accounts, and request that all new incoming deposits, such as credit card and cash receipts, and any other deposits including those from any Intercompany Transfers, be made into newly established DIP accounts. Debtor would still be able to keep a separate Ticketing Account, where money could be held in trust for the benefit of the respective payees of live events, in the form of a DIP Account. Allowing Debtor to maintain the prepetition bank accounts open for the reasons stated creates unnecessary risk to estate funds.

Rather than create these potential risks, the Motion should be denied, or at a minimum, identify concrete steps and a short, definite timeframe for which it will come into compliance with Section 345.

**B. Request for Court Order Intercompany Transactions are Deemed Ordinary Course**

The Debtor also proposes to have the Court permit it to engage in regular transactions between and among the Debtor and certain non-debtor subsidiaries (defined in the Motion as "Intercompany Transactions") in the ordinary course of business involving 15 non-debtor bank accounts. Debtor states that "Debtor regularly moves funds from its Bank Accounts at City National Bank to the Bank Accounts of other non-debtor entities to cover payroll charges, which are then reimbursed on a postpetition basis." *See* Motion at Dkt. No. 3 pg. 7 ¶14. Debtor appears to be requesting that the Court issue a comfort order

-3-

that such Intercompany Transactions will be incurred in the ordinary course and are therefore permissible on a postpetition bases. However, Debtor has not met its burden to show that these Intercompany Transfers are ordinary course transactions. The U.S. Trustee would request that the Debtor supplement its motion to provide more detail such as a 12-month transaction history showing the amounts of the Intercompany Transfers and their purpose in order for the Court and any other parties in interest to evaluate whether these transactions have been and will be incurred in the ordinary course of business.

### C. Request for Authority to Use Cash Collateral

Debtor's Motion also requested the use of "Cash Collateral" and related relief, to the extent that some *de minimis* aspect of its business may implicate the use of collateral of the SBA's $500,000 secured loan. *See* Motion at Dkt. No. 3 pg. 10 ¶ E. There are multiple issues with this request. The Motion fails to comply with LBR 4001-2(a) which states that "each motion to obtain credit or to approve the use of cash collateral, debtor in possession financing, and/or cash management under 11 U.S.C. §§ 363 or 364, or related stipulation (collectively, "Financing Motion") must be accompanied by mandatory court-approved form F 4001-2.STMT.FINANCE." Further, the request for authority to use cash collateral was buried within the body of the Motion with no mention of cash collateral in the Motion's title. This raises some concern that an interested party such as the SBA may not recognize that part of the relief requested in the Motion involves cash collateral. With that said, Debtor's proposed counsel did verbally advise the U.S. Trustee that it has been in contact with the SBA and that an agreement for the use of cash collateral may be forthcoming. Additionally, the requested relief is not accompanied by a budget setting forth the intended use of the cash collateral which is typically and routinely included in similar motions. In light of these concerns, the U.S. Trustee would request that if the Court intends to grant the Debtor any relief regarding its request for authority to use cash collateral that it do so on an interim basis only so that these deficiencies may be corrected and so that all interested parties have sufficient time to review the relief requested and respond accordingly.

DATED: March 2, 2024

PETER C. ANDERSON
UNITED STATES TRUSTEE

By:    /s/ David S. Shevitz
David S. Shevitz
Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd. Ste 1850, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): __ **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO MAINTAIN ITS EXISTING BANK ACCOUNTS; (II) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM; AND (III) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/4/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 3/4/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor:

See Attached:

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __1/3/2024__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/4/2024 | David S. Shevitz | /s/ David S. Shevitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**SECTION I – EMAIL SERVICE**

**Everett L Green (UST)    everett.l.green@usdoj.gov**
**Lillian Jordan    nefrecipients@donlinrecano.com, RMAPA@DONLINRECANO.COM**
**Lance N Jurich (counsel for Debtor)    ljurich@loeb.com, pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com**
**Ron Maroko    ron.maroko@usdoj.gov**
**United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Metropolitan Theatres Corporation
8727 West 3rd Street
Los Angeles, Ca 90048

**Judge's Copy (overnight mail)**

HONORABLE BARRY RUSSELL
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                               **F 9013-3.1.PROOF.SERVICE**