LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

VADIM J. RUBINSTEIN (Admitted *pro hac vice*)
vrubinstein@loeb.com
GUY MACAROL (Admitted *pro hac vice*)
gmacarol@loeb.com
345 Park Avenue
New York, NY  10154-1895
Telephone:    212.407.4000
Facsimile:    212.407.4990

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES CORPORATION,
a California corporation

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES CORPORATION, a California corporation,<br><br>Debtor.<br><br>TAX ID.:  95-1002280 | Case No. 2:24-bk-11569-BR<br><br>Chapter 11 (Subchapter V)<br><br>**DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE PAYMENT OF CRITICAL FILM VENDOR CLAIMS** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE SUBCHAPTER V TRUSTEE; AND OTHER PARTIES IN INTEREST:**

The above-captioned debtor (the "**Debtor**"), by and through its proposed counsel, Loeb & Loeb LLP ("**Loeb**"), hereby files this motion ("**Motion**") pursuant to sections 105(a), 363, 503(b), 1107(a), 1108, and 1129 of title 11 of the United States Code (the "Bankruptcy

238402771.5
236362-10001

---

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Code") rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules," and individually, a "Bankruptcy Rule"), and local rules 2081-1 and 9075-1 of the Local Bankruptcy Rules of The United States Bankruptcy Court for the Central District of California, for the entry of an order permitting the Debtor to pay in the ordinary course of business certain prepetition amounts owing on account of Critical Film Vendor Claims (as defined herein) in the context of the Debtor's pending chapter 11 subchapter V bankruptcy case (the "Case"). The Debtor submits that the relief requested herein is necessary for the Debtor's continued existence as a theatre enterprise, and will inure to the benefit of all creditors of the Debtor's bankruptcy estate (the "Estate").

This Motion is based upon the aforementioned sections of the Bankruptcy Code and the Bankruptcy Rules, all other applicable law, the annexed Memorandum of Points and Authorities, the *Declaration of David Corwin, President of Metropolitan Theatres Corporation, in Support of Chapter 11 Subchapter V Petition and First Day Motions*, dated February 29, 2024, the *Declaration of David Corwin in Support of Debtor's Emergency Motion for an Order Authorizing the Payment of Critical Film Vendor Claims*, submitted contemporaneously herewith, the Notice of this Motion filed concurrently with the Motion, and any other evidence properly presented to the Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

1) granting the Motion in its entirety;
2) authorizing, but not directing the Debtor to pay the Critical Film Vendor Claims; and
3) granting such other and further relief as the Court deems just and proper.

238402771.5
236362-10001

2

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1

2  Dated:  March 5, 2024                         Respectfully submitted,

3                                                LOEB & LOEB LLP
                                                 LANCE N. JURICH
                                                 VADIM J. RUBINSTEIN
4                                                GUY MACAROL

5

6                                                By: /s/ *Lance N. Jurich*
                                                     Lance N. Jurich

7                                                (Proposed) Attorneys for Debtor
                                                 METROPOLITAN THEATRES
8                                                CORPORATION, a California
                                                 corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

238402771.5
236362-10001                              3

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

1. On February 29, 2024 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 subchapter V of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no examiner or official committee of unsecured creditors has been appointed in this Case. Pursuant to 11 U.S.C. § 1183(a), on March 4, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed Moriah Douglas Flahaut, Esq., as the Subchapter V Trustee.

3. Additional factual background regarding the Debtor, including its business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of David Corwin, President of Metropolitan Theatres Corporation, in Support of Chapter 11 Petition Subchapter V Petition and First Day Motions* [Docket No. 2], which is fully incorporated in this Motion by reference.

4. As a theatre operator, the Debtor's business relies on continuing access to, and relationships with, certain film industry vendors, including major film studios (the Critical Film Vendors"). Any disruption in the Debtor's access to newly released movie titles by the Critical Vendors would have a far-reaching and adverse economic and operational impact on the Debtor's business.

5. In particular, the Debtor is party to certain film licensing agreements (the "Film License Agreements") with the Critical Film Vendors that provide the terms pursuant to which the Debtor is permitted to exhibit films in its theatres. The Film License Agreements generally require the Debtor to make periodic royalty payments, typically based on a percentage of the Debtor's gross film receipts, in exchange for the right to exhibit a film at specific theatres over a specified time period. Crucially, nothing in the Film License Agreements requires the Critical

238402771.5
236362-10001

4

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Film Vendors to continue go-forward licensing after the expiration of their term. If the Critical Film Vendors are not timely paid pursuant to the existing Film License Agreements, they will not license current or future films to the Debtor, endangering the Debtor's ability to generate revenue from its core business and irrevocably damaging the Debtor's reputation with its patrons, who expect the Debtor to exhibit films similar to those shown by other cinema chains. The film rentals provided pursuant to the Film License Agreements form the foundation of the Debtor's business, and if access to these rentals were disrupted, even for a limited time, the Debtor could not continue to operate and would suffer irreparable harm.

6. In particular, the Critical Film Vendors have a system in place whereby they require the Debtor to make payments in arrears as soon as 14 days after service in order to receive present access to a digital "key" that allows the Debtor to transmit films and display them to audiences. Without payment of the Critical Film Vendors, the Debtor's access to newly released movie titles would cease, and the lifeblood of the Debtor's business would immediately be cut off, destroying immeasurable value to the Estate. The Debtor therefore requests authorization to pay certain outstanding prepetition claims of the Critical Film Vendors (the "<u>Critical Film Vendor Claims</u>"), subject to the limitations set forth in any order(s) on this Motion.

7. Through this Motion, the Debtor seeks to pay (a) approximately $42,951 that is due on March 7, 2024, as more particularly set forth on <u>Exhibit A</u> hereto, consisting of sums invoiced on March 1, 2024 and owing to Critical Film Vendors on Exhibit A, for films currently showing in theatres, plus (b) authority to pay an additional estimated $40,000 that the Debtor estimates will be invoiced on or about March 8, 2024. The Debtor will supplement <u>Exhibit A</u> upon receipt of the second expected invoice by posting it on the docket and serving it upon those parties who are served with the Motion.

8. In addition, through this Motion, the Debtor seeks further authority to pay amounts to other Critical Film Vendors up to and including the sum of $150,000 in the aggregate (the "<u>Critical Film Vendor Cap</u>"), but only to the extent that a particular Critical

238402771.5
236362-10001

5

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Film Vendor has new movies they seek to bring to market and the Debtor, in its discretion, must pay a particular Critical Film Vendor in order to access those movies.

9. The Debtor has been in touch with certain Critical Film Vendors and one has also reached out to counsel for the Debtor directly to inquire about the Motion. The Debtor understands that the Critical Film Vendors have the commercial expectation from other similar theatre chapter 11 cases that a critical vendor motion such as the Motion will be brought before the Court. *See, e.g.*, *In re Alamo Drafthouse Cinemas Holdings, LLC*, 21-10474-MFW (Bankr. D. Del., Mar. 4, 2021), *Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Critical Vendors and Service Providers, (B) Lien Claimants, (C) Foreign Vendors, and (D) Certain Vendors Entitled to Administrative Expense Status Under Section 503(B)(9) of the Bankruptcy Code; and (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto* [Docket No. 46]; *In re Studio Movie Grill Holdings, LLC*, 20-32633-sgj11 (Bankr. N.D. Tex. Oct. 29, 2020), *Order Granting Motion Authority for Debtors to Pay All or a Portion of the Prepetition Claims of Certain Critical Vendors* [Docket No. 97]; *In re iPic-Gold Class Entertainment, LLC*, 19-11739-LSS (Bankr. D. Del. Aug. 8, 2019), *Interim Order (A) Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief* [Docket No. 76]; *In re Cineworld Group plc*, 22-90168-MI (Bankr. S.D. Tex. Sept. 12, 2022), *Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) 503(b)(9) Claimants, (B) Lien Claimants, (C) Foreign Claimants, (D) Critical Vendors, And (E) HSE Suppliers, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 295].[1]

10. As such, the Debtor intends to apply its business judgment and discretion in paying any Critical Film Vendor Claims, and will only pay them to the extent that the relevant Critical Film Vendor is necessary for the Debtor's continued access to newly released movies. If necessary, a non-debtor affiliate may pay the Critical Film Vendor Claim set forth on

---

[1] Final Orders were also entered in each of the cited cases in this paragraph.

238402771.5
236362-10001
6
DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS
Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Exhibit A in the period following the filing of this Motion and the granting of this Motion by the Court, due to the absolute necessity of ensuring continuity of film service at the Debtor's theatres. The Debtor respectfully requests authority to reimburse the applicable non-debtor affiliate for such payment in the event that this Motion is granted.

## II. DISCUSSION

### A. The Court Should Authorize the Payment of the Critical Film Vendor Claims

11. By this Motion, the Debtor seeks to protect the value of its business and maintain its relationships with its Critical Film Vendors and patrons during the turbulent early stages of the Case, in order to preserve the reputation of the Debtor's theatres, the value of the Debtor's assets, and the Estate. Such action has been recognized as a legitimate practice in bankruptcy proceedings by the Supreme Court. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985, 197 L. Ed. 2d 398 (2017) (listing critical vendor orders that allow payment of essential supplier prepetition invoices as legitimate exceptions to the common priority scheme). Indeed, the Supreme Court reasoned that critical vendor orders supported "significant Code-related objectives." *Id.* In *Jevic*, the Supreme Court offered several appropriate considerations for courts in determining whether to grant motions for payment of critical vendors: (a) preserve the debtor as a going concern; (b) make the disfavored creditors better off; (c) promote the possibility of a confirmable plan; (d) restore the status quo ante; or (e) protect reliance interests. *Id.* Granting the Debtor's Motion will meet these objectives, and is authorized pursuant to the Court's powers under § 105(a). 11 U.S.C. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].").

12. Some have construed *Matter of B & W Enterprises, Inc.*, 713 F.2d 534 (9th Cir. 1983) as prohibiting critical vendors motions altogether. Such notions are contrary to the Supreme Court's analysis in *Jevic*. Instead, *B & W Enterprises, Inc.* should be narrowly construed: the debtor may not use 11 U.S.C. § 510 to subvert the Bankruptcy Code's priority

238402771.5
236362-10001

7

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Case 2:24-bk-11569-BR    Doc 50    Filed 03/05/24    Entered 03/05/24 22:18:21    Desc
Main Document    Page 8 of 14

scheme without evidence of misconduct by the creditor not receiving payment on prepetition expenses. *Matter of B & W Enterprises, Inc.*, 713 F.2d at 537

13. Furthermore, bankruptcy judges in this district have routinely granted similar critical vendors motions. *See, e.g.*, *Order Authorizing the Debtor to Pay Prepetition Claims of Critical Vendors*, at 2, *American Suzuki Motor Corporation*, No. 8:12-bk-22808-SC (Bankr C.D. Cal. Nov. 7, 2012) (No. 69) (J. Clarkson) ("The Debtor is authorized, but not directed, to pay in its sole discretion the prepetition claims of Critical Vendors in the ordinary course of the Debtor's business relating to undisputed prepetition claims that the Debtor, in its business judgment, determines is necessary and appropriate for the operation of its business); *Final Order Authorizing: 1) the Debtors to Pay Prepetition Lien Claimants; and 2) Certain Financing Institutions to Honor All Related Checks and Electronic Payment Request* at 2, *California Coastal Communities, Inc.*, No. 8:09-bk-21712-TA (Bankr. C.D. Cal. Dec. 9, 2009) (No. 87) (J. Albert) (granting "critical vendor" motion and authorizing vendors "to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Petition Date or upon such other agreed trade terms as the Debtor may recommend"); *Order Granting Evergreen Oil, Inc.'s Emergency Motion for Entry of an Order Authorizing Debtor to Honor Pre-Petition Obligations to Critical Vendors and to Continue Vendor Programs* at 2, *In re Evergreen Oil, Inc.*, No. 8:13-bk-13163 (Bankr. C.D. Cal. Apr. 10, 2013) (No. 32) (J. Clarkson) (granting critical vendors motion); *Order Granting Debtor's Emergency First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Claims of Certain Critical Vendors* at 2, *In re HDOS Enterprises*, No. 2:14-BK-12028-NB (Bankr. C.D. Cal. Feb. 6, 2014) (No. 66) (J. Bason) (granting critical vendors motion); *Order Granting Motion for Entry of an Order Authorizing Debtor to Honor Pre-Petition Obligations to Critical Vendors*, *In re Green Fleet Systems, LLC*, No. 2:15-bk-11542-BR (Bankr. C.D. Cal. Mar. 16, 2015) (No. 81) (J. Russell) (granting critical vendors motion).

14. Allowing a debtor to honor prepetition obligations under §105(a) authority is appropriate where, as here, doing so is consistent with the "two recognized policies" of

238402771.5
236362-10001

8

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

chapter 11 of the Bankruptcy Code—preserving going concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'Ship*, 526 U.S. 434, 453 (1999). The Debtor also moves under §§ 363, 365, and/or 549, as more fully discussed below.

### B. Section 363 Allows the Debtor to Honor the Critical Film Vendor's Prepetition Claims Under the Business Judgment Rule

15. Section 363, which permits a debtor in possession to use, sell, or lease estate property, provides authority for the Debtor to continue to pay and/or honor the Critical Film Vendor's prepetition claims set forth in Exhibit A to this Motion (as may be supplemented) and to other Critical Film Vendors up to the Critical Film Vendor Cap, in the ordinary course of the Debtor's business and in the Debtor's discretion. Under § 363 a court may authorize a debtor in possession to expend funds outside the ordinary course of business where, in the debtor's judgment, the expenditure is in the best interest of the bankruptcy estate. *See e.g.*, *Order signed Authorizing Debtors to Pay Certain Prepetition Obligations to Critical Vendors, Approving Related Procedures and Granting Related Relief* at 3, *In re Tops Holding II Corporation, et al.*, (Bankr. S.D.N.Y. Mar. 22, 2018) (No. 181) (authorizing the debtors under § 363 to use their sole reasonable business judgment to pay critical vendors up to a $36 Million critical vendor cap).

16. Other courts have reached similar conclusions in other factual scenarios related to prepetition debts. For example, the Ninth Circuit Court of Appeals has permitted the payment of prepetition debts when necessary for rehabilitation. *See Burchinal v. Central Washington Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) ("Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts."). Similarly, in *In re Structuralite Plastics Corp.*, 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988), the court found that payment of prepetition claims was justified where otherwise the debtors' rehabilitative effort would have been

238402771.5
236362-10001
9
**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations
DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

immediately aborted. *See also Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A.Phillips, Inc.)*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on § 363 to allow contractor to pay prepetition claims for suppliers).

17. The Debtor has determined, in the exercise of its business judgment, that continuing to pay and/or honor the prepetition claims of the Critical Film Vendors in the amounts set forth in Exhibit A (as supplemented) and to other Critical Film Vendors up to the Critical Film Vendor Cap, in the Debtor's discretion, is in the overwhelming best interests of the Estate. Granting the Debtor the authority to pay and/or honor such prepetition claims greatly benefits the Estate by preserving the Debtor's relationships with its most critical vendors, without whom the Debtor cannot show the most recently released movies, the essential feature of a movie theatre.

### C. Section 105 Empowers the Court to Grant Critical Vendor Relief

18. Section 105 relief is necessary here for the Debtor to carry out its fiduciary duties under § 1107(a). Section 105(a) empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Section 1107(a) "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

19. As a movie theatre business, the Debtor is in a vulnerable position—without the continual flow of new movies to its theatres, the entire purpose of the Debtor's business would immediately unravel, irreparably harming the Debtor and its patrons, creditors, and

238402771.5
236362-10001
10
DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS
Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Estate. The Debtor can only maintain its business operations and preserve the value of its assets by paying the Critical Film Vendors.

### D. Section 549 Provides the Court Authority to Approve Postpetition Transfers of Property Such as Payment to Critical Vendors

20. Section 549(a)(2)(B) of the Bankruptcy Code, which governs postpetition transfers, provides in part that "the trustee may avoid a transfer of property of the estate made after the commencement of the case; and [] that is not authorized [] by the court." 11 U.S.C. § 549(a)(2)(B). Therefore, it logically follows that the Court may authorize certain postpetition payments to satisfy prepetition debts. In fact, as one district court noted: "[i]t would appear that proposed transfers [to pay prepetition claims] could be presented in advance to a bankruptcy court for its approval and would thereafter be insulated from attack[.]" *In re Isis Foods, Inc.*, 37 B.R. 334, 336 n.3 (W.D. Mo.), *appeal dismissed*, 738 F.2d 445 (8th Cir. 1984).

21. In this case, honoring the prepetition claims of the Debtor's Critical Film Vendors will have no negative impact on the payment of other creditors' claims. In fact, honoring the prepetition claims of the Critical Film Vendors will not only maintain the quality of the Debtor's theatres, it will dramatically improve the Debtor's chances of successfully reorganizing, and paying its other creditors. Any benefit to the Estate that could be gained by not paying the Critical Film Vendors' claims would more than be outweighed by the detriment to the Estate caused by the loss of the Debtor's relationships with such Critical Film Vendors. As noted above, if the Critical Film Vendors refuse to provide any further movies, the Debtor will not be able to retain its employees or operate its business whatsoever. Indeed, the Debtor will not be able to generate sufficient revenue to maintain the quality of theatre entertainment and otherwise continue its business operations. This, in turn, will squash any chance any chance for the Debtor to successfully reorganize in the Case.

### III. CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court enter an order:

238402771.5
236362-10001

11

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1) granting the Motion in its entirety;

2) authorizing, but not directing the Debtor to pay the Critical Film Vendor Claims; and

3) granting such other and further relief as the Court deems just and proper.

Dated: March 5, 2024

Respectfully submitted,

LOEB & LOEB LLP
LANCE N. JURICH
VADIM J. RUBINSTEIN
GUY MACAROL

By: /s/ *Lance N. Jurich*
    Lance N. Jurich

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES
CORPORATION, a California
corporation

238402771.5
236362-10001

12

DEBTOR'S EMERGENCY MOTION FOR AN ORDER
AUTHORIZING PAYMENT OF CRITICAL FILM VENDOR CLAIMS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

# Exhibit A

| | **Studio** | **Amount Due** |
|---|---|---|
| 1 | A24 FILMS LLC | $434.61 |
| 2 | BLEECKER STREET MEDIA, LLC | $1,678.76 |
| 3 | DISNEY/FOX SEARCHLIGHT | $1,343.25 |
| 4 | FOCUS FEATURES | $1,422.50 |
| 5 | MGM | $2,902.92 |
| 6 | PARAMOUNT | $19,586.83 |
| 7 | SONY PICTURES | $9,749.22 |
| 8 | UNIVERSAL | $3,944.37 |
| 9 | WARNER BROS. | $1,889.09 |
| | | $42,951.55 |