LOEB & LOEB LLP
LANCE JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

VADIM J. RUBINSTEIN (Admitted *pro hac vice*)
vrubinstein@loeb.com
GUY MACAROL (Admitted *pro hac vice*)
345 Park Avenue
New York, NY 10154-1895
Telephone: 212.407.4000
Facsimile: 212.407.4990

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES CORPORATION,
a California corporation

> **FILED & ENTERED**
>
> **MAR 13 2024**
>
> **CLERK U.S. BANKRUPTCY COURT**
> **Central District of California**
> **BY** fortier    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES CORPORATION, a California corporation,<br><br>       Debtor.<br><br><br>TAX ID.: 95-1002280 | Case No. 2:24-bk-11569-BR<br><br>Chapter 11 (Subchapter V)<br><br>**INTERIM ORDER GRANTING EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE AND (IV) GRANTING RELATED RELIEF;**<br><br>**<u>Hearing</u>**<br>DATE: March 5, 2024<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1668<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

INTERIM ORDER GRANTING UTILITIES MOTION

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Interim Order"); the Court having reviewed the Motion, and the First Day Declaration; and the Court having considered the Motion at the hearing held on March 5, 2024, at 2:00 p.m., and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** on an **INTERIM** basis, as set forth herein.

2. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate, or discontinue utility services to, or discriminate against, the Debtor on the basis of the commencement of this chapter 11 case or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Adequate

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

2    INTERIM ORDER GRANTING UTILITIES MOTION

Assurance Deposit (defined below), as a condition to the Debtor receiving such utility services.

4. As adequate assurance for the payment of Utility Services, the Debtor shall reserve a cash deposit in the amount of $30,000 (the "Adequate Assurance Deposit"), representing the approximate aggregate cost of two weeks of Utility Services. The Adequate Assurance Deposit shall be reserved in the Debtor's Utility Deposit Account for the benefit of Utility Companies, except those Utility Companies that agree in writing to a lesser amount or are paid in advance for Utility Services. The Adequate Assurance Deposit together with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively, the "Adequate Assurance") constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The Adequate Assurance Deposit shall be maintained until the earliest of (a) entry of an order of the Court authorizing or directing the return of the Adequate Assurance Deposit to the Debtor, as such Adequate Assurance Deposit may be increased in accordance with the terms of this Order, or (b) the effective date of the Debtor's chapter 11 plan; provided, however, that the Debtor is authorized to reduce the Adequate Assurance Deposit to the extent that it includes an amount on account of a Utility Company that the Debtor subsequently determine should be removed from the Utility Services List.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

3    INTERIM ORDER GRANTING UTILITIES MOTION

6. The following Adequate Assurance Procedures are approved:

   a. If a Utility Company seeks additional adequate assurance of payment, it must serve an additional assurance request (the "Additional Assurance Request") upon the following parties (collectively, the "Notice Parties"):

      (1) counsel for the Debtor, Loeb & Loeb LLP, 10100 Santa Monica Blvd., Los Angeles, CA 90067 (Attn: Lance Jurich, Esq.) ljurich @loeb.com; and 345 Park Avenue New York, NY 10154-1895 (Attn: Vadim Rubinstein, Esq. and Guy Macarol, Esq.) vrubinstein@loeb.com, gmacarol@loeb.com.

      (2) the Office of the United States Trustee, 3801 University Avenue, Suite 720, Riverside, CA 92501 (Attn: Everett Green and David Shevitz) Everett.L.Green@usdoj.gov, David.S.Shevitz@usdoj.gov; and

      (3) M. Douglas Flahaut, Subchapter V Trustee, 555 W. Fifth Street, 48th Floor, Los Angeles, CA 90026, douglas.flahaut@afslaw.com.

   b. Each Additional Assurance Request must: (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) set forth whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Adequate Assurance is insufficient.

   c. Upon the Debtor's receipt of an Additional Assurance Request, the Debtor shall have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment. The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

4    INTERIM ORDER GRANTING UTILITIES MOTION

d. The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable. The Debtor may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtor and the affected Utility Company and to the extent that it includes an amount on account of a Utility Company that the Debtor subsequently determines should be removed from the Utility Services List.

e. If the Debtor determines that an Additional Assurance Request is not reasonable or is not able to resolve such request during the Resolution Period, the Debtor, during or promptly after the Resolution Period, will request a hearing before this Court to determine adequate assurance of payment made to the requesting Utility Company (the "<u>Determination Hearing</u>"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be prohibited from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services, the commencement of the Debtor's chapter 11 case, or any objections to the Adequate Assurance, or requiring the Debtor to furnish any additional deposit or other security for the continued provision of services.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

5    INTERIM ORDER GRANTING UTILITIES MOTION

  g. If a Utility Company fails to file and serve an Additional Assurance Request on or before April 2, 2024, at 10:00 a.m., absent a further Court order addressing a subsequent request to modify the Adequate Assurance Deposit pursuant to section 366(c)(3) of the Bankruptcy Code, the Utility Company shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor solely on account of its bankruptcy filing, any unpaid prepetition charges, or requiring additional assurance of payment other than the Adequate Assurance.

7. The Debtor is authorized, as necessary, to provide a copy of this Order to any Utility Company not listed on the Utility Service List (each, an "<u>Additional Utility Company</u>" and, collectively, the "<u>Additional Utility Companies</u>"), as such Utility Companies are identified. Promptly upon its discovery of an Additional Utility Company, the Debtor shall increase the Adequate Assurance Deposit by an amount equal to approximately two weeks of the Debtor's estimated aggregate utility expense for each Additional Utility Company, unless such Additional Utility Company agrees in writing to a lesser amount, is paid in advance for Utility Services, or already holds a deposit for the Utility Services (in which case, the Adequate Assurance Deposit on account of such Utility Service may be reduced by the amount of the deposit or prepayment). The Additional Utility Companies shall be subject to the terms of this Order, including the Adequate Assurance Procedures.

8. If any Utility Account becomes a closed account during the course of this chapter 11 case, without the need for further order of this Court or notice to any parties, the Debtor shall be authorized to decrease the amount of the Adequate Assurance Deposit by

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

6 INTERIM ORDER GRANTING UTILITIES MOTION

releasing from the Utility Deposit Account the amount reserved with respect to such closed account to the extent no dispute regarding postpetition payments exists.

9. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Company List.

10. Nothing contained in this Order is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtor; (b) impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtor; (c) impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code; and (e) create any rights in favor of, or enhance the status or nature of any claim held by, any person.

11. A hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on April 16, 2024, at 10:00 a.m. PT. Objections to final relief must be served so as to be received by the Notice Parties on or before April 2, 2024, at 4:00 p.m. PT.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

7    INTERIM ORDER GRANTING UTILITIES MOTION

13. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

14. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Date: March 13, 2024

_____
Barry Russell
United States Bankruptcy Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238401137.2
236362-10001

8    INTERIM ORDER GRANTING UTILITIES MOTION