LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

VADIM J. RUBINSTEIN (Admitted *pro hac vice*)
vrubinstein@loeb.com
GUY MACAROL (Admitted *pro hac vice*)
gmacarol@loeb.com
345 Park Avenue
New York, NY  10154-1895
Telephone:    212.407.4000
Facsimile:    212.407.4990

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES CORPORATION, a
California corporation

**FILED & ENTERED**

**MAR 13 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:

METROPOLITAN THEATRES
CORPORATION, a California corporation,

Debtor.

TAX ID.:  95-1002280

Case No. 2:24-bk-11569-BR

Chapter 11 (Subchapter V)

**FINAL ORDER GRANTING EMERGENCY MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO PAY EMPLOYEE COMPENSATION; (II) AUTHORIZING AND DIRECTING THE BANKS TO ISSUE EMPLOYEE COMPENSATION PAYMENTS; AND (III) GRANTING RELATED RELIEF;**

**Hearing**

DATE:    March 5, 2024
TIME:    2:00 p.m.
PLACE:   Courtroom 1668
         255 E. Temple Street
         Los Angeles, CA 90012

The "Emergency Motion of Debtor for Entry of Interim and Final Orders (I) Authorizing

238409540.1
236362-10001

the Debtor to Pay Employee Compensation; (II) Authorizing and Directing the Banks to Issue Employee Compensation Payments; and (III) Granting Related Relief" (Dkt. No.5, the "Motion"), filed by Metropolitan Theatres Corporation (the "Debtor"), came on for hearing before the Honorable Barry Russell, United States Bankruptcy Judge, on March 5, 2024 at 2:00 p.m. Appearances were made as reflected in the Bankruptcy Court's record. Capitalized terms used herein shall have the meaning ascribed to them in the Motion, unless otherwise defined.

After consideration of the Motion and accompanying supporting papers, the arguments of counsel, the files and records in this chapter 11 case (the "Case"), and finding that (a) this is a core proceeding, (b) notice of the Motion was appropriate under the circumstances, and (c) sufficient cause appearing, it is hereby

**ORDERED THAT:**

1. The Motion is GRANTED;

2. The Debtor is authorized to pay the Employee Wage Obligations, which shall be considered administrative expense and prepetition priority claims for wages, salaries, commissions and other compensation, to their current non-insider employees, provided that no payment of priority wages, salaries, commissions and other compensation may be paid to any non-insider employee in an amount exceeding the priority maximum provided in 11 U.S.C. § 507(a)(4) and, if applicable, § 507(a)(5);

3. The Debtor is authorized to pay to the applicable governmental units the Employee Deductions, Garnishments, and other withholding taxes related to such compensation;

4. This Order shall not authorize, and the Debtor shall not pay, any insider compensation, including any wages, salaries, commissions, benefits, or other compensation, accruing on and after the Petition Date unless and until the proper notice period has expired without objection for the Debtor's Notice of Setting Insider Compensation or upon further order of the Court;

5. This Order shall not authorize the payment of any insider compensation, wages, salaries, commissions, benefits, or other compensation, that accrued prior to the Petition Date, but any insider may file a claim in the Case for such unpaid insider compensation;

238409540.1
236362-10001

2

6. In the ordinary course of business, the Debtor is authorized to reimburse current employees for unreimbursed business expenses; and

7. The Debtor is authorized to honor and pay all Employee Paid Time Off and other employee benefit programs, as described in the Motion, in accordance with the Debtor's prepetition employee benefit programs and policies.

8. Within two business days following payment of Employee Wage Obligations, the Debtor shall cause a schedule of payments to be transmitted to the U.S. Trustee, which schedule shall include the amount of each payment made to each employee, the date the payment was made, and redacted names of employees.

###

Date: March 13, 2024

*Barry Russell*
Barry Russell
United States Bankruptcy Judge

238409540.1
236362-10001

3