United States Bankruptcy Court

Central District of California

In re:     Case No. 24-11569-BR

Metropolitan Theatres Corporation     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-2     User: admin     Page 1 of 2
Date Rcvd: Mar 21, 2024     Form ID: pdf042     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 23, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Metropolitan Theatres Corporation, 8727 West 3rd Street, Los Angeles, Ca 90048-3897 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 23, 2024     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2024 at the address(es) listed below:

**Name**     **Email Address**

Carissa N Horowitz
    on behalf of Creditor INTERESTED PARTY carissa@beallandburkhardt.com  artyc@aol.com;castlesb@aol.com

David Samuel Shevitz
    on behalf of U.S. Trustee United States Trustee (LA) David.S.Shevitz@usdoj.gov

Dustin P Branch
    on behalf of Creditor Fairview Shopping Center LLC branchd@ballardspahr.com carolod@ballardspahr.com;hubenb@ballardspahr.com

Evelina Gentry
    on behalf of Creditor Wildhorse Steamboat LLC evelina.gentry@akerman.com  rob.diwa@akerman.com

Everett L Green
    on behalf of U.S. Trustee United States Trustee (LA) everett.l.green@usdoj.gov

Felicita A Torres

District/off: 0973-2 | User: admin | Page 2 of 2
Date Rcvd: Mar 21, 2024 | Form ID: pdf042 | Total Noticed: 1

on behalf of Interested Party Interested Party torres@g-tlaw.com

Ivan M. Gold
on behalf of Creditor Camino Real Limited Liability Company igold@allenmatkins.com

Lance N Jurich
on behalf of Debtor Metropolitan Theatres Corporation ljurich@loeb.com pmatsuda@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com;fmckeown@loeb.com

Lillian Jordan
on behalf of Other Professional Donlin Recano & Co. Inc. nefrecipients@donlinrecano.com  RMAPA@DONLINRECANO.COM

Moriah Douglas Flahaut (TR)
douglas.flahaut@arentfox.com  C194@ecfcbis.com

Ron Maroko
on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

TOTAL: 12

LOEB & LOEB LLP
LANCE JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067
Telephone:    310.282.2000
Facsimile:    310.282.2200

VADIM J. RUBINSTEIN (Admitted *pro hac vice*)
vrubinstein@loeb.com
GUY MACAROL (Admitted *pro hac vice*)
345 Park Avenue
New York, NY 10154-1895
Telephone:    212.407.4000
Facsimile:    212.407.4990

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES CORPORATION,
a California corporation

**FILED & ENTERED**

**MAR 20 2024**

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES CORPORATION, a California corporation,<br><br>                    Debtor.<br><br><br><br>TAX ID.: 95-1002289 | Case No. 2:24-bk-11569-BR<br><br>Chapter 11 (Subchapter V)<br><br>**CORRECTED INTERIM ORDER GRANTING EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO MAINTAIN ITS EXISTING BANK ACCOUNTS; (II) APPROVING CONTINUED USE OF CASH MANAGEMENT SYSTEM; (III) PERMITTING USE OF CASH COLLATERAL ON AN INTERIM BASIS; AND (IV) GRANTING RELATED RELIEF**<br><br>**Hearing**<br><br>DATE:    March 5, 2024<br>TIME:    2:00 p.m.<br>PLACE:   Courtroom 1668<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

CORRECTED INTERIM ORDER GRANTING CASH
MANAGEMENT MOTION

Upon the *Emergency Motion of the Debtor for Entry of an Order (I) Authorizing Debtor to Maintain Its Existing Bank Accounts; (II) Approving Continued Use of Cash Management System; And (III) Granting Related Relief; Memorandum of Points and Authorities in Support Thereof* [Docket No. 3] (the "Motion")[1]; the Court having reviewed the Motion, and the First Day Declaration; the Court having held a hearing on the Motion on March 5, 2024, at 2:00 p.m.; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary prior to entry of this order (this "Interim Order"); and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** on an **INTERIM** basis, as set forth herein.

2. All objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

**Cash Management and Intercompany Transactions**

3. The Debtor is authorized and empowered, on an **INTERIM** basis, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage its cash pursuant to the Cash Management System maintained by the Debtor before the commencement of the Subchapter V

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

2

CORRECTED INTERIM ORDER GRANTING CASH MANAGEMENT MOTION

Case, and to collect, concentrate, and disburse cash in accordance with that Cash Management System (including Intercompany Transactions) to the extent set forth in the Motion.

4.  In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash and Intercompany Transactions so that all transactions may be readily ascertained, traced, and recorded properly. In furtherance of this, the Debtor shall meet with the U.S. Trustee to give the U.S. Trustee updates on Intercompany Transfers made in the interim period following the entry of this Interim Order and the final hearing on the Motion, and the U.S. Trustee and the Debtor will work in good faith to develop reasonable reporting on a go-forward basis. Such reports will be provided to the U.S. Trustee and the Subchapter V Trustee.

5.  The Debtor is authorized to keep the Bank Accounts open through and including March 27, 2024, after which time the Debtor must open new debtor-in-possession bank accounts with account titles reflecting "Metropolitan Theatres Corporation – Debtor in Possession" (or an abbreviation thereof) and transfer all funds into such accounts. The Debtor is authorized, but not directed, to replicate the Cash Management System, as necessary, by opening new accounts and transferring funds to those new accounts.

6.  Unless otherwise ordered by this Court, no Bank shall honor or pay any check issued or dated prior to the Petition Date; *provided, however*, should a Bank honor a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtor to honor such prepetition check or item, including the Debtor's failure to stop payment on any such check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Bank shall not be deemed to be nor shall be liable to the Debtor or its estate or otherwise be in violation of this Interim Order. Without limiting the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

3

CORRECTED INTERIM ORDER GRANTING CASH
MANAGEMENT MOTION

foregoing, any of the Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

7. The Debtor is authorized to pay undisputed prepetition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to the Banks as service charges for the maintenance of the Cash Management System.

8. The Debtor is not required on an interim basis to open separate debtor-in-possession accounts for the payment of taxes and deposit to such specific tax accounts sufficient funds to pay any tax liability (when incurred) associated with the Debtor's payroll.

9. The requirement that the Debtor's Bank Accounts comply with section 345(b) of the Bankruptcy Court is waived on an interim basis.

10. The Debtor is authorized to continue to use its existing Business Forms. For any new forms ordered, the Debtor shall imprint the "Debtor in Possession" label and case number. With respect to preprinted checks, any new check stock ordered by the Debtor shall contain the "Debtor in Possession" label; provided further, that with respect to checks that the Debtor prints in-house, the Debtor shall begin printing those checks with a "Debtor in Possession" designation by March 20, 2024.

11. The Debtor is authorized to continue to utilize all third-party providers necessary for the administration of its Cash Management System, including its payroll processor, Paylocity. In addition, the Debtor is authorized, but not directed, to pay all prepetition or postpetition amounts due to such third-party providers.

12. The Debtor is authorized and directed to open new debtor-in-possession bank accounts so long as (a) any such new account is with one of the Debtor's existing Banks or with a

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

4

CORRECTED INTERIM ORDER GRANTING CASH MANAGEMENT MOTION

bank that (i) is insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) is designated as an authorized depository by the U.S. Trustee, and (iii) agrees to be bound by the terms of this Interim Order, and (b) the Debtor provides reasonable prior written notice to the U.S. Trustee; *provided* that all accounts opened by the Debtor on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on Exhibit A attached to the Motion.

13. Except as otherwise set forth herein, the Debtor and the Banks may, without further order of the Court, agree and implement changes to the policies and procedures related to the Cash Management System in the ordinary course of business; *provided* that the Debtor or the Banks shall provide reasonable prior written notice to the U.S. Trustee.

**Cash Collateral**

14. The SBA claims an interest in the cash collateral being used by the Debtor, and consents to the Debtor's use of such cash collateral pursuant to this paragraph. The Debtor agrees, that for purposes of this Interim Order and any final order on the Motion, to the extent there is any diminution in the SBA's cash collateral due to the Debtor's use of such cash collateral, the SBA will obtain a replacement lien to the same extent, validity and priority as it enjoyed prepetition to the extent of any such diminution. In addition, the Debtor agrees to pay and shall be authorized to pay the SBA minimum monthly payments in the amount of $2,515.00 as adequate protection under section 361 of the Bankruptcy Code. Based on this, the SBA consents to the use of cash collateral as sought herein. The Debtor does not waive any rights to contest, dispute, or otherwise challenge the SBA's interest in cash collateral, including the existence thereof, and the Debtor and the SBA reserve their respective rights with respect to the SBA's interest in cash collateral while the Debtor uses such cash collateral in the ordinary course of its business.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

5

CORRECTED INTERIM ORDER GRANTING CASH MANAGEMENT MOTION

15. Nothing in the Motion or this Interim Order, or the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtor or its estate; (b) a waiver of the Debtor's rights to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (d) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise; or (e) a modification of the Debtor's rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party.

16. Notwithstanding anything herein to the contrary, to the extent that the provisions of any order entered by this Court authorizing the Debtor to obtain debtor-in-possession financing or to utilize cash collateral are inconsistent with or conflict with this Interim Order, the provisions of such later orders relating to cash collateral and/or debtor-in-possession financing shall control.

17. Within two (2) business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on the Debtor's Banks.

18. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

19. The obligations of Rule 4001 with respect to the contents of a motion seeking use of cash collateral are waived, provided that the SBA shall continue to receive notice of all proceedings relating to the Motion.

20. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

6

CORRECTED INTERIM ORDER GRANTING CASH MANAGEMENT MOTION

21. A hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on April 16, 2024, at 10:00 a.m. PT. Objections to final relief must be filed and served so as to be received by the following parties on or before April 2, 2024, at 4:00 p.m. PT. (the "Objection Deadline"): (i) counsel for the Debtor, Loeb & Loeb LLP, 10100 Santa Monica Blvd., Los Angeles, CA 90067 (Attn: Lance Jurich, Esq.) ljurich @loeb.com; and 345 Park Avenue New York, NY 10154-1895 (Attn: Vadim Rubinstein, Esq. and Guy Macarol, Esq.) vrubinstein@loeb.com, gmacarol@loeb.com; (ii) the Office of the United States Trustee, 3801 University Avenue, Suite 720, Riverside, CA 92501 (Attn: Everett Green and David Shevitz) Everett.L.Green@usdoj.gov, David.S.Shevitz@usdoj.gov; (iii) M. Douglas Flahaut, Esq., Subchapter V Trustee, 555 W. Fifth Street, 48th Floor, Los Angeles, CA 90026, douglas.flahaut@afslaw.com; (iv) Elan S. Levey, Esq. Assistant United States Attorney, Counsel for the SBA, 300 N. Los Angeles Street, Fed. Bldg., Rm. 7516, Los Angeles, CA 90012 elan.levey@usdoj.gov.

22. Any proposed final order granting the Motion shall include a 13-week budget appended as an exhibit. The Debtor will endeavor in good faith to prepare a budget and distribute it to the U.S. Trustee, the Subchapter V Trustee and the SBA as soon as practicable but not later than one week prior to the Objection Deadline.

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

**IT IS SO ORDERED.**

Date: March 20, 2024

_____
Barry Russell
United States Bankruptcy Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

238467172.1
236362-10001

7

CORRECTED INTERIM ORDER GRANTING CASH MANAGEMENT MOTION