| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LANCE N. JURICH (SBN 132695)<br>VADIM J. RUBINSTEIN (admitted pro hac vice)<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd<br>Los Angeles, CA   90067<br>Telephone:310.282.2000<br>Facsimile:310.282.2200<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Metropolitan Theatres Corp. | |

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION</b></td></tr>
<tr><td rowspan="4">In re:<br><br>METROPOLITAN THEATRES CORPORATION, a California corporation,</td><td>CASE NO. 2:24-bk-11569-BR<br><br>CHAPTER 11<br>(Subchapter V)</td></tr>
<tr><td align="center"><b>SUBCHAPTER V STATUS REPORT</b></td></tr>
<tr><td><u>Status Conference:</u><br>DATE: April 16, 2024<br>TIME: 10:00 a.m.<br>COURTROOM: 1668</td></tr>
</table>

## Status Conference Location:

☒    255 East Temple Street, Los Angeles, CA 90012

☐    411 West Fourth Street, Santa Ana, CA 92701

☐    21041 Burbank Boulevard, Woodland Hills, CA 91367

☐    1415 State Street, Santa Barbara, CA 93101

☐    3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                                                                              **F 2015-3.1.SUBV.STATUS.RPT**

- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

      **PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1.**     **The Plan:**

    1.1    What type of plan will the Debtor propose?

        ☐    Consensual (i.e., with agreement or consent of creditors and other interested parties)

        ☐    Nonconsensual[3]

        ☒    Undetermined

    1.2    Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

        While the Debtor believes that the plan will be consensual, it is in the early stages of its discussions with landlords. Moreover, the Bar Date is over a month away. Without rejections and based upon the Debtor's books and records, the Debtor believes that the relatively small size of the unsecured claims and the Debtor's intention to reinstate the secured claims will lead to a consensual plan.

    1.3    Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

        ☒    Yes

        ☐    No

        If "No," explain why, and state when the Debtor will file its[4] plan:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                             - 2 -                    **F 2015-3.1.SUBV.STATUS.RPT**

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 2 -

1.4    Please summarize the basic nature of the plan:

The Debtor anticipates that the Plan will be straightforward and creditors will be paid pursuant to the priorities of the Bankruptcy Code in accordance with 11 U.S.C. § 1191.  Secured claims are expected to be reinstated and priority claims, if any, paid at confirmation.  Unsecured claims will be paid from projected disposable income in accordance with 11 U.S.C. § 1191(c)(2) in the three year period, or such longer period not to exceed 5 years as the Court may fix.

**2.**    **Efforts Toward Consensual Plan:[5]**

2.1    Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

The Debtor has had preliminary discussions with the subchapter V trustee and the SBA.

2.2    Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

Discussions with creditors and subchapter V trustee

2.3    Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

The Debtor has begun discussions with its landlords regarding lease amendments.   Similar discussions have begun with landlords of affiliates who hold guaranty claims against the estate.   The Debtor has also been in discussions with its vendors concerning pricing.   Additionally, the Debtor has begun discussions with Independent Bank, holder of a contingent unsecured guaranty claim that is the largest unsecured claim against the estate.   The Debtor will be in a position to discuss the contours of a plan with creditors once it has made further progess with its significant stakeholders.   The Debtor has advised the SBA that it intends to reinstate its loan.

---

2.4    Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

☒ Secured creditors
☐ Priority creditors
☐ Unsecured creditors
☒ Equity interest holders
☒ The subchapter V trustee
☐ Others (describe: <fill in>)

## 3.    Appointment of Committees and Disclosure Statement:

3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

☐ Yes
☒ No

---

[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

Explain your answer:

The assets, liabilities and plan will not be complicated.    Additionally,
substantially all of the known and liquidated unsecured claims are less
than $75,000 per creditor, besides the contingent guaranty claims of
Independent Bank and Aegon, and both of the underlying affiliate loans
are performing and are not in default.

3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of
a separate disclosure statement pursuant to § 1181(b) and § 1125?

☐    Yes
☒    No

Explain your answer:

Assets, liabilities, and plan will not be complicated to the extent of
requiring a committee to advance the interests of general unsecured
creditors.

**4.**    **Reporting Compliance:**

4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

☒    Yes
☐    No

If "No," identify the documents that were required to be filed[7] but were not:

☐    (a) the Debtor's most recent balance sheet

☐    (b) the most recent statement of the Debtor's operations

☐    (c) the Debtor's most recent cash-flow statement

☐    (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

☐    Yes
☐    No
☒    Not applicable

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                                                                 **F 2015-3.1.SUBV.STATUS.RPT**

- 4 -

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

4.2    Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

☒    Yes
☐    No

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐    (a) Reports regarding Debtor's profitability

☐    (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐    (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐    (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐    (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐    (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

5. **<u>Other Code Compliance:</u>**

5.1   Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☐   Yes
☒   No

If "No," explain why and when the Debtor intends to comply with these requirements:

The Debtor attended the initial debtor interview and will attend the §341(a) meeting scheduled for April 4, 2024.

5.2   Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒   Yes
☐   No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.3   Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

☐   Yes
☒   No

If "No," explain why and when the Debtor intends to comply with this requirement:
The Debtor's following policies were cancelled upon the bankruptcy filing: employment practices liability insurance, directors and officers liability insurance, and fiduciary and criminal coverage.   The Debtor is working to replace the coverage.

5.4   Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

☒   Yes
☐   No

If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

5.5   Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

☐   Yes
☒   No

If "No," explain why and when the Debtor intends to comply with this requirement:

The United States Trustee has not made these requests but the Debtor intends to comply with any such request.

**6.   Cash Collateral:**

6.1   Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

☒   Yes
☐   No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The SBA asserts a security interest in a significant portion of the Debtor's personal property assets.

6.2   Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

☒   Yes
☐   No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The SBA asserts asserts a security interest in a significant portion of the Debtor's personal property assets.

6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

☐    Yes
☒    No

If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                                                                                      **F 2015-3.1.SUBV.STATUS.RPT**

- 8 -

6.4    Has the Court approved any orders authorizing the use of cash collateral?

    ☒    Yes
    ☐    No

6.5    Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

    ☒    Yes
    ☐    No
    ☐    Not applicable

## 7.    "First Day" Motions:

7.1    Has the Debtor filed any of the following "first day" motions, if applicable:

    ☒    Cash collateral
    ☐    DIP financing
    ☒    Prepetition non-insider wage payments
    ☒    Cash management authority
    ☒    Utilities
    ☒    Limit notice
    ☐    Joint administration
    ☒    Critical vendor
    ☒    Others:
        Motion to approve gift card program; motion to pay insurance.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*March 2021*                                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 8 -

7.2    Do prepetition plan support agreements exist?

☐    Yes
☒    No

If "Yes," attach copies to this Status Report.

**8.    Additional Information:**

8.1    What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

The Debtor shall be filing shortly a motion to approve debtor in possession financing.   Additionally, the Debtor will be filing motions to retain a financial advisor, special counsel and an ordinary course professional.

The Debtor's exit from bankruptcy is tied largely to its negotiations with its landlords and those of its affiliates.   Those discussions have begun in earnest and the Debtor has agreements in principle with certain landlords that it is documenting.

The Debtor has also begun discussions with Independent Bank, the lender to the Debtor's affiliate, Metro Foundry, LLC ("Foundry"), with a $1.9+ million contingent guarantee claim, and the landlord for the premises. While Foundry initially expected to file a petition in this Court, the Debtor is hopeful that an agreement can be reached out of court to avoid a related case bankruptcy and limit liability to the Debtor's estate.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*March 2021*                                                                                    **F 2015-3.1.SUBV.STATUS.RPT**

- 9 -

Dated: April 2, 2024

Respectfully submitted,

Vadim J. Rubinstein
Name of Debtor's Counsel

Signature of Debtor's Counsel

Name of Law Firm: Loeb & Loeb LLP
Address: 10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067
Telephone number: 310-282-2000
Email Address: vrubinstein@loeb.com

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the
information provided in this Status Report and that it is true, correct, and accurate.

Dated: April 2, 2024

David Corwin
Name of Debtor/Debtor Representative

President
Relation to Debtor

Signature of Debtor/Debtor
Representative

Dated: _____

Name of Co-Debtor (if any)

Signature of Co-Debtor

LOEB & LOEB LLP
LANCE JURICH (SBN 132695)
ljurich@loeb.com
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA  90067
Telephone:     310.282.2000
Facsimile:      310.282.2200

VADIM J. RUBINSTEIN (admitted *pro hac vice*)
vrubinstein@loeb.com
GUY MACAROL (admitted *pro hac vice*)
345 Park Avenue
New York, NY  10154-1895
Telephone:     212.407.4000
Facsimile:      212.407.4990

(Proposed) Attorneys for Debtor
METROPOLITAN THEATRES CORPORATION, a
California corporation

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>METROPOLITAN THEATRES<br>CORPORATION, a California corporation,<br><br>Debtor.<br><br>TAX ID.: 95-1002289 | Case No. 2:24-bk-11569-BR<br><br>Chapter 11 (Subchapter V)<br><br>**DEBTOR'S SUPPLEMENT TO FORM "SUBCHAPTER V STATUS REPORT"; DECLARATION OF DAVID CORWIN IN SUPPORT** |

Metropolitan Theatres Corporation, the debtor and debtor in possession in the

above-referenced chapter 11, subchapter V bankruptcy case (the "Debtor"), respectfully submits

this supplement to the Subchapter V Status Report, and the declaration of Debtor's President,

David Corwin, in support, to address the specific questions in the Court's Order, among other

things, *Setting Status Conference* [ECF 58], to the extent not already covered by the form status

report to which this supplement is attached.

**A.    Objections to Claims: State whether a deadline should be set for hearings on objections to claims and, if so, what that deadline should be.**

The Debtor respectfully submits that it is not appropriate for a deadline for claim objections to be set at this time. The decision as to whether to object to a claim involves an analysis of the potential recoveries available to creditors compared against the attorneys' fees and costs attendant to preparing such objections.  It is far too soon in the chapter 11 case to know whether and by how much the estate would benefit from claim objections, if at all, and if a deadline is set too early and passes, then all parties in interest may be foreclosed from filing objections to otherwise objectionable claims, which will prejudice the estate.

**B.    Debtor's Duties: Disclose whether the debtor has performed all of its duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187, and reasons for non- compliance, if any.**

The Debtor is in compliance with its duties set forth in under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187.  The Debtor has filed its schedules and statement of financial affairs by the deadline set by the Court [ECF 116 & 117], has attended its initial debtor interview, and will be attending its § 341(a) meeting of creditors scheduled for April 4.

**C.    Pre-Confirmation Payments: Disclose whether the debtor has transmitted preconfirmation payments and funds to the Subchapter V trustee as is allowed under 11 U.S.C. §§ 1194.**

The Debtor has not transmitted preconfirmation payments and funds to the Subchapter V trustee.

**D.    Litigation and Post-Petition Operations: Describe concisely the post-petition operations of the debtor (including authority to use cash collateral), litigation in which the Debtor is involved, and the status of the debtor's efforts to reorganize.**

Following the filing of this chapter 11 case, the Debtor has been operating its business as normal in the postpetition period.  As a result of the relief granted by the Court, the Debtor was able to continue paying employees and maintain and transition its cash management system.  The

Debtor has successfully managed this transition and is now in the process of seeking final relief at the upcoming April 16, 2024 hearing.

As for cash collateral, the Debtor successfully negotiated an agreed solution with the Small Business Administration, as memorialized in the Debtor's cash management order that is expected to become final at the April 16, 2024 hearing. The basic cash collateral arrangement involves replacement liens and the continuation of monthly payments in the prepetition amount. The Debtor is pleased that the manner in which cash collateral has been managed, namely a single paragraph in the cash management order, has been an efficient and consensual way to address this critical issue while utilizing minimal estate resources. In accordance with this Court's direction, the Debtor filed its budget on March 26, 2024 [ECF 124].

The Debtor is not currently party to any significant litigation. As indicated in previous filings and on its Schedules and Statement of Financial Affairs, there is a minor cross-claim asserted against the Debtor relating to litigation with the architect for the Arlington Village, but this *de minimis* claim is not material, and will not impact the Debtor's operations, time, or balance sheet in any appreciable way. Additionally, although this claim was filed months ago, the Debtor has yet to be served with the cross-claim. As for litigation *by* the Debtor, the Debtor will employ shortly a special counsel to collect a material receivable it is owed.

As for the Debtor's efforts to reorganize, the Debtor's successful reorganization and exit from bankruptcy are tied largely to its negotiations with its landlords and those of its affiliates. Those discussions have begun in earnest with the landlords and the Debtor has agreements in principle with certain landlords that it is documenting. On March 19, 2024, the Debtor filed a motion to assume its Huntington Park theatre lease [ECF 103].

The Debtor has also begun discussions with Independent Bank, the lender to the Debtor's affiliate, Metro Foundry, LLC ("Foundry"), holding a contingent guarantee claim in excess of $1.9 million dollars, and the landlord for the premises. While Foundry initially expected to file a chapter 11 petition in this Court, the Debtor is hopeful that an agreement can be reached out of court to avoid a related case bankruptcy and limit liability to the Debtor's estate.

The Debtor anticipates filing a plan of reorganization on or before May 28, 2024, that reinstates the SBA loan, the American Riviera Bank guaranty and the Aegon guaranty, and that shall pay unsecured creditors its net disposable income over a 3 – 5 year period. The Debtor will strive to make the plan consensual.

**E.      Professionals and Fee Budget: Disclose whether the debtor has hired, or shall hire, any professionals and, if so, whether the professional's employment has been approved by the Court.**

The Debtor has filed an application to employ Loeb & Loeb as its general bankruptcy counsel [ECF 125], and Donlin Recano as its claims agent [ECF 129]. The Debtor also intends to hire a financial advisor in due course and may also seek to employ a leasing professional. The Debtor will also file an ordinary course professional application to employ counsel in connection with the Debtor's intellectual property filings and a motion to retain a special counsel to pursue a collection action on behalf of the Debtor.

The Debtor has not determined whether to employ other professionals at this time.

Dated: April 2, 2024

Respectfully submitted,

LOEB & LOEB LLP
LANCE JURICH
VADIM J. RUBINSTEIN
GUY MACAROL

By: /s/ Vadim J. Rubinstein
     Vadim J. Rubinstein

Attorneys for Debtor
METROPOLITAN THEATRES
CORPORATION

## **DECLARATION OF DAVID CORWIN**

I, David Corwin, hereby declare as follows:

1.      Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the President of Metropolitan Theatres Corporation, the Debtor herein ("Debtor").

A.      **Additional Information for Status Report**

3.      I believe the Debtor is in compliance with all of its administrative, operational, and reporting duties. The Debtor has filed its schedules and statement of financial affairs in compliance with the deadline set by the Court, which I signed. I have attended the initial debtor interview on behalf of the Debtor, and I will be present at the first meeting of creditors on April 4, 2024.

4.      The Debtor has been operating postpetition in the ordinary course of business, and patrons have continued to frequent the Debtor's establishments during this transition into the chapter 11 process.

5.      I certify that the Debtor has not transmitted preconfirmation payments to the Subchapter V trustee.

6.      The Debtor is not currently party to any significant litigation. There is a minor cross-claim asserted against the Debtor relating to litigation with the architect for the Arlington Village, but I believe this claim is not material, and I do not think it will impact the Debtor's operations, time, or balance sheet in any appreciable way. Additionally, although this claim was filed months ago, the Debtor has yet to be served with the cross-claim. As for litigation *by* the Debtor, the Debtor may employ a special counsel to collect a material receivable it is owed.

7.      I believe that the Debtor's successful reorganization and exit from bankruptcy are tied largely to its negotiations with its landlords and landlords of its affiliates (where Debtor is a

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

238532749.5
236362-10001

guarantor). I can confirm that those discussions have begun in earnest and that the Debtor has agreements in principle with certain landlords that it is in the process of documenting. The Debtor also filed one motion to assume one lease so far [ECF 103].

8.      I can also confirm that the Debtor has begun discussions with Independent Bank, the lender to the Debtor's affiliate, Foundry, which holds a contingent guarantee claim in excess of $1.9 million dollars. I have also been in discussion with the affiliate's landlord for the premises. While I initially expected to have to file a chapter 11 petition for Foundry in this Court, I am hopeful that an agreement can be reached out of court to avoid a related case bankruptcy and limit liability to the Debtor's estate.

9.      The Debtor anticipates filing a plan of reorganization on or before May 28, 2024, that reinstates the SBA loan, the American Riviera Bank guaranty and the Aegon guaranty, and that shall pay unsecured creditors its net disposable income over a 3 – 5 year period. The Debtor will strive to make the plan consensual.

10.     The Debtor filed an application to employ Loeb & Loeb LLP as its general bankruptcy counsel, and Donlin Recano as its claims agent. The Debtor also intends to hire a financial advisor in due course and may also seek to employ a leasing professional. The Debtor will also file an ordinary course professional application to employ counsel in connection with the Debtor's intellectual property filings and a motion to retain a special counsel to pursue a collection action on behalf of the Debtor. The Debtor has not determined whether to employ other professionals at this time.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

238532749.5
236362-10001

- 7 -

DECLARATION OF DAVID CORWIN IN SUPPORT OF DEBTOR'S INSURANCE MOTION

1

2          I declare and verify under penalty of perjury that the foregoing is true and correct to the

3    best of my knowledge, information and belief.

4          Executed on this 2nd day of April 2024.

5

6

7                                                    _____
                                                     David Corwin, President
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

238532749.5
236362-10001

- 8 -

DECLARATION OF DAVID CORWIN IN SUPPORT OF DEBTOR'S INSURANCE MOTION